# Todd's Estate (No. 1).

*Will—Codicil—Construction—Ademption—Legacy.*

Testatrix by a particular clause in her will gave to her grand-nephew to whom she did not stand in loco parentis, "all the judgments, notes and other obligations against him that I may hold at the time of my death on condition that he pay the interest on all such securities up to the time of my death." She also gave him in the same clause such a principal sum of money that shall make "this bequest" in addition to the securities "equivalent to a principal sum of $25,000." Six months subsequently the testatrix surrendered to her grandnephew all the obligations which she held against him in consideration of an agreement to pay her the sum of $314 annually during the balance of her life. About nine months thereafter she made a codicil by which she revoked in express terms the clause in her will relating to her nephew, and proceeded by saying "I now give and bequeath" to him "all of the judgments, notes and other obligations against him I may hold at the time of my death, on condition that he pay the interest on all such securities up to the time of my death." In addition to these she gave him "such a principal sum of money that shall make the bequest equivalent to a principal sum of $20,000." *Held,* that the grandnephew was entitled to receive the full sum of $20,000.

Argued April 22, 1912. Appeal, No. 201, Jan. T., 1911, by S. W. Haverstick, from decree of O. C. Cumberland Co., dismissing exceptions to auditor's report in Estate of Sarah A. Todd, deceased. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Exceptions to report of C. S. Brinton, Esq., Auditor. The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in dismissing exceptions to auditor's report.

*E. M. Biddle, Jr.,* for appellant.—The effect of a codicil duly executed is to republish the will to which it refers, whether the codicil be annexed to the will or not......and it makes the will republished to speak from the date of the codicil: Neff's App., 48 Pa. 501; Coale v. Smith, 4 Pa. 376; DeHaven's Est., 207 Pa. 152; Linnard's App., 37 Leg. Int. 165; Tyson's Est., 47 Pa. Superior Ct. 108.

It is a cardinal canon of construction that when there is no ambiguity in the words of a will the intention must be gathered from them and no exposition contrary to the words is to be made: Hunter v. Hunter, 229 Pa. 349.

An inspection of the note given by Mr. Haverstick in April, 1907, shows that by its terms he surrendered his right to extinguish entirely his indebtedness to the testatrix during her lifetime and such surrender constitutes a sufficient consideration for the very marked reduction in the amount of the new indebtedness: Melroy v. Kemmerer, 218 Pa. 381; Brockley v. Brockley, 122 Pa. 1; Fidelity Trust Co. v. Carson, 28 Pa. Superior Ct. 418; Guarantee Trust and Safe Deposit Co. v. Boyer, 21 Pa. D. R. 61.

The testatrix while related to the legatee did not assume or stand in loco parentis to him, nor was he a member of her household. Under such conditions there is no presumption of ademption and the burden to prove it is on those who assert it: Sprenkle's Est., 1 Mona. (Pa.) 402; Swoope's App., 27 Pa. 58; Keiper's App., 124 Pa. 193; Ritter's Est., 10 Pa. Superior Ct. 352.

*Joseph P. McKeehan,* for appellee.

OPINION BY MR. JUSTICE POTTER, October 14, 1912:

This is an appeal from the decree of the Orphans' Court of Cumberland County, affirming the report of an auditor appointed to make distribution of the amount in the hands of the executors of the decedent.

Mrs. Sarah A. Todd, of Carlisle, Pa., executed her will upon November 6, 1906. In the fourteenth section she provided as follows: "I give and bequeath to S. W. Haverstick, of Carlisle, Pa., all the judgments, notes and other obligations against him I may hold at the time of my death, on condition that he pay the interest on all such securities up to the time of my death. In addition to these, I hereby give and bequeath to the said S. W. Haverstick, such a principal sum of money that shall make this bequest equivalent to a principal sum of twenty-five thousand dollars."

Upon the date when the will was made, the testatrix held judgments, notes and other obligations against S. W. Haverstick, including liens against real estate owned by him, amounting in all to $7,850. But nearly six months later, on April 15, 1907, Mrs. Todd satisfied of record the judgments and mortgages, and cancelled and surrendered the notes and other obligations held by her against S. W. Haverstick. At the same time Haverstick executed a new agreement, which recited that Mrs. Todd held obligations against him, aggregating $7,850, and that she had agreed to satisfy and cancel all such obligations in consideration of the written promise of Haverstick to pay her annually the sum of $314, being interest on $7,850 at 4 per cent. per annum during her natural life. By a subsequent endorsement on the paper, it was agreed the interest should be paid semi-annually. A little more than nine months later, on January 20, 1908, Mrs. Todd made a codicil to her will as follows: "The 14th section of my will I revoke, and in lieu thereof I now give and bequeath to S. W. Haverstick, of Carlisle, Pa., all of the judgments, notes and other obligations against him I may hold at the time of my death, on condition that he pay the interest on all such securities up to the time of my death. In addition to these I hereby give and bequeath to the said S. W. Haverstick such a principal sum of money that shall make the bequest equivalent to a principal sum of twenty thousand dollars. It is under-

stood and agreed by the said S. W. Haverstick that he will continue to render the same attention and service to the care and comfort of my son Wilson L. Todd, as he has been accustomed to do during my lifetime."

It will be noted that the codicil reduced the amount of the bequest from twenty-five thousand to twenty thousand dollars, and it recited an agreement upon the part of Haverstick to care for and serve the son of the testatrix. The obligation to pay the sum of $314 interest annually, in semi-annual installments, was the only obligation held by the testatrix against Haverstick at the date of the codicil, and at the date of her death, which occurred October 19, 1909.

The auditor appointed by the court below to make distribution held that the amount of Haverstick's obligations that were in Mrs. Todd's hands when the original will was made, $7,850, was to be deducted from the legacy of $20,000 given him by the codicil, and, therefore, awarded him $12,150 only. Exceptions filed by Haverstick were dismissed by the court and the report confirmed. Haverstick has appealed, and the single question raised is whether the auditor and the court below erred in deducting the sum of $7,850 from the legacy left to appellant.

The language of the codicil is clear. It gives to S. W. Haverstick the sum of twenty thousand dollars, less such notes and obligations as the testatrix should hold against him at the time of her death. Admittedly at that time the only obligation she held was the agreement to pay interest, and that obligation was discharged by payment in full. The legacy was not of the judgments, notes and obligations held by testatrix, when the will was made, but only of such as "I may hold at the time of my death." As she held none at that time, the legacy was effective for the full amount, unless the surrender and cancellation of the obligations prior to the making of the codicil is to be regarded as an ademption or satisfaction of the legacy to that extent. The presumption

which arises where the testator is the parent of the legatee, or stands in loco parentis, that a gift made in the lifetime of the testator is intended as an ademption. or satisfaction of the legacy, does not arise here. The testatrix was the great aunt of the legatee, and it does not appear that she ever assumed the duties of a parent towards him. It does appear that the relations of debtor and creditor existed. She loaned him money, and took his obligations and he paid her interest. In so far as appears from the evidence, or from the will, the legacy was pure bounty, or was a reward for services rendered and to be rendered by appellant to testatrix and her son. We find nothing in the record from which it can fairly be inferred that the testatrix intended the gift to appellant of the obligations and evidences of indebtedness, as a satisfaction pro tanto of the legacy.

The auditor accepted as a correct statement of the law, the suggestion that a legacy can be reduced or adeemed only by what occurs subsequent to the making of the will, and not by anything that transpires prior to that date. But he failed to apply the principle to this case. The obligations were surrendered by Mrs. Todd on April 15, 1907, and as noted above, on January 20, 1908, she executed the codicil to her will which expressly revoked the section of the will containing the legacy to appellant. The codicil substituted a new will in so far as that portion of it was concerned, as she said, "I now give and bequeath to S. W. Haverstick, etc." By revoking the entire original fourteenth section, instead of merely reducing the amount of the legacy, as she might have done, and by the use of the word "now" the testatrix showed a clear intention that the codicil should speak as of its date. While at that time she held no obligation against appellant, except the agreement to pay interest, yet it was quite possible that new and additional obligations might be created before her death. She had loaned him money before, and she might do so again. We are not able to see any intention upon the

part of testatrix to describe obligations which she had already satisfied, cancelled and surrendered, when she referred in the codicil to "judgments, notes and other obligations against him I may hold at the time of my death." If testatrix had intended to deduct from the legacy the amount of the obligations which at that time were cancelled and surrendered, it would have been very easy for her to have said so. In the original will she gave appellant $25,000, including the obligations, which then had a face value of $7,850. When she drew the codicil, having in the meantime surrendered the obligations, she reduced the legacy by the sum of $5,000. We think it reasonable to suppose that while this reduction was less than the amount of the gift, yet it was made because she had it in mind, and she then intended appellant to receive from her estate the full sum of $20,000 less any future indebtedness to her, which he might incur prior to her death. We conclude that S. W. Haverstick is entitled to receive from the fund for distribution, the full sum of $20,000, without any deduction.

The assignments of error from the second to the eighth inclusive are sustained, and the decree of the Orphans' Court to the extent herein indicated is reversed. The record is remitted to the court below, that the decree of distribution may be modified accordingly.